**FILED**
CLERK, U.S. DISTRICT COURT

JUL 3, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY: _____PMC_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BWP MEDIA USA, INC.,          )     Case No. 2:13-CV-05315 SVW
                              )
        Plaintiff,            )
                              )     ORDER GRANTING
        v.                    )     PLAINTIFF'S APPLICATION
                              )     FOR DEFAULT JUDGMENT
                              )     AGAINST DEFENDANT P3R,
P3R, LLC,                     )     LLC. [26] and JUDGMENT
                              )
        Defendant.            )
                              )
──────────────────────────   )
                                    JS - 6

## I.   INTRODUCTION

On July 24, 2013, plaintiff BWP Media USA, Inc. ("Plaintiff") filed a complaint for copyright infringement against defendant P3R, LLC ("Defendant"). (Dkt. 1).  On April 2, 2014, the Court clerk entered default against Defendant pursuant to Plaintiff's request.  (Dkt. 24).  On May 2, 2014, Plaintiff moved for default judgment against Defendant.  (Dkt. 26).  For the reasons below, the Court GRANTS Plaintiff's motion.

## II.   FACTUAL BACKGROUND

Plaintiff licenses entertainment-related photojournalism goods and services, including photographs of celebrities, to online and print publications.  (Compl. ¶ 1).  Plaintiff's photographs are original, and Plaintiff has applied for and received

valid copyright registrations with the United States Copyright Office ("USCO") for many of its photographs, including the photographs at issue. (*Id.* ¶¶ 16, 19).

Defendant is the registered owner of a website located at www.myp3r.com ("the Website"). (*Id.* ¶ 20). The Website contains "articles, photographs, and other information regarding celebrities." (*Id.* ¶ 21). The Website contains paid advertisements and is believed to be profitable for Defendant. (*Id.* ¶ 22).

Plaintiff has not consented to, authorized the use of, or licensed the alleged photographs to Defendant. (*Id.* ¶ 31-32). However, Plaintiff believes that Defendant copied three photographs from the website of Plaintiff's client and displayed them on Defendant's Website in violation of Plaintiff's copyright. (*Id.* ¶ 24).

## III.   ANALYSIS

### A.   Standard for Default Judgment

#### 1.   Procedural Standards

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following the entry of default by the court clerk. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). To comply with Local Rule 55-1, a default judgment application must establish: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required. *Id.*; *see also Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 n.19 (C.D. Cal. 2010) (holding that service on defaulting party is required only if the party has appeared in the action).

## 2. Substantive Standards

Once these procedural requirements have been met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *See Landstar*, 725 F. Supp. 2d at 919. But the Ninth Circuit has directed courts to consider the following factors in deciding whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

## B. Satisfaction of Procedural Requirements

Plaintiff has satisfied the procedural requirements for default judgment under Local Rule 55-1. Plaintiff's application properly sets forth that: (1) the Clerk of this Court entered default as to P3R on April 2, 2014; (2) the default was entered as to all claims alleged in the Complaint, (3) Defendant is a California corporation, and is therefore not a minor, incompetent person, soldier in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940; and (4) because Defendant has not appeared or otherwise responded to Plaintiff's claims, notice of the application for default judgment is not required.

## C. Satisfaction of Substantive Requirements

For the reasons stated below, Plaintiff also satisfies the substantive requirements for default judgment.

## 1. Possibility of Prejudice to Plaintiff

Plaintiff will suffer prejudice if default judgment is not entered because Plaintiff will be without other recourse for recovery. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (finding that without a default judgment, plaintiff would have no other recourse and suffer

prejudice).  Defendant has refused to participate in these proceedings.  If a default judgment is not entered, Plaintiff will have no other means of recovery until Defendant decides to participate. (Dkt. 26, Mot. at 4).  Therefore, this factor weighs in favor of granting default judgment against P3R.

### 2.   Merits of Plaintiff's Claim & Sufficiency of Complaint

Although the well-pleaded allegations of the complaint, except those concerning damages, are deemed true, the court must still assure itself that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *See Landstar*, 725 F. Supp. 2d at 920; *see also TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

To prevail on its copyright infringement claim, plaintiff must prove two elements:  "(1) ownership of a valid copyright and (2) copying of constituent elements of the works that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citing *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 548 (1985)).  Copying is established through circumstantial evidence of access to the copyrighted work and substantial similarity between the copyrighted work and the defendant's work. *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1162 (9th Cir. 1977).  "Circumstantial evidence of reasonable access is proven in one of two ways: (1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work . . . or (2) the plaintiff's work has been widely disseminated." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000).

First, Plaintiff's complaint properly alleges ownership of a valid copyright. The Complaint identifies Plaintiff's ownership of the copyright registration covering the photographs.  (Compl. ¶ 19).  Under 17 U.S.C. § 401(c), a copyright registration is prima facie evidence of the validity of the copyright. *S.O.S., Inc. v.*

*Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989).

Second, Plaintiff's Complaint sufficiently alleges copying of constituent elements of the original work.  The Complaint alleges that Plaintiff's client originally posted the photographs at issue on its website.  (Compl. ¶ 24). Subsequently, Defendant posted the same three photographs on its website.  *Id.* Although Plaintiff has not presented evidence that Defendant had viewed the website of Plaintiff's client, the circumstantial evidence permits this inference. There is no evidence that the photographs were available at a location other than the plaintiff's client's website.  Thus, Defendant must have viewed the website. *Cf. Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096, 1106 (C.D. Cal. 2007) (finding that Defendant had accessed Plaintiff's website because in order to incorporate the same ticket purchasing mechanism in its website, Defendant had to test Plaintiff's mechanism to ensure it worked as intended). Furthermore, the pictures on the defendant's website are the exact images posted on the client's website.  (ex. 1 at 8-12).  Having sufficiently alleged both ownership of a valid copyright and copying by Defendant, Plaintiff's complaint adequately pleads a claim of copyright infringement.  These *Eitel* factors therefore weigh in favor of granting default judgment against P3R.

### 3.    Amount of Money at Stake

Under the fourth Eitel factor,  "[t]he Court must consider the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo, Inc.,* 238 F.Supp 2d at 1174; *Castworld Prods.,* 219 F.R.D. at 498. Neither the amount at stake nor the gravity of P3R's conduct is dispositive; instead, courts balance both to determine if granting the motion would be unfair. *See Castworld Prods., Inc.*, 219 F.R.D. at 500.

Under 17 U.S.C. § 504(c)(1), a copyright owner may elect an award of statutory damages of a "sum not less than $750 or more than $30,000."  However, in cases where the copyright owner proves willful infringement, the plaintiff may

1   collect an award of statutory damages up to $150,000.  17 U.S.C. § 504(c)(2).

2       Plaintiff asserts that P3R's infringement was willful.  On a motion for

3   default judgment, the Court presumes that allegations of willfulness are true.  *See*

4   *Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*, 506 Fed. Appx.

5   550, 552 (9th Cir. 2013).  As a result, Plaintiff may seek up to $150,000 in

6   statutory damages for each infringement.  Here, Plaintiff is seeking $750 in

7   statutory damages for each of the three photographs at issue, for a total of $2,250.

8   (Dkt. 26, Mot. at 8).  In comparison to P3R's willful infringement, the amount at

9   stake is not unreasonable.  Therefore, this factor favors default judgment.

10              **4.    Possibility of Dispute Over Material Facts**

11      Defendant has not filed an answer in response to Plaintiff's complaint.

12  Therefore, no dispute concerning material facts has arisen.  As the Court clerk has

13  already entered default, the Court takes all well-pleaded facts, except those

14  pertaining to damages, as true.  *TeleVideo Systems, Inc.*, 826 F.2d at 917-18.

15  Therefore, this factor also weighs in favor of granting default judgment against

16  P3R.

17            **5.    Whether Default was Due to Excusable Neglect**

18      The court may consider whether circumstances surrounding the defendant's

19  failure to respond constitute excusable neglect.  *See Eitel*, 782 F.2d at 1472 (9th

20  Cir. 1986).  However, courts have found excusable neglect to be lacking where the

21  defendant was properly served with the complaint and notice of default judgment.

22  *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D.

23  Cal. 2001).  Here, the possibility of excusable neglect is remote.  P3R was properly

24  served with both the Complaint and motion for default judgment.  (Dkt 8, 27).

25  However, P3R still failed to answer the Complaint and did not oppose this motion.

26  Hence, this factor also weighs in favor of granting default judgment against P3R.

27

28            **6.    Policy Favoring Decisions on the Merits**

The policy favoring resolution of the case on the merits always weighs against default judgment.  In this case, however, the rest of the *Eitel* factors outweigh this general policy because P3R's "failure to answer Plaintiff's [c]omplaint makes decision on the merits impractical, if not impossible." *Pepsico*, 238 F. Supp. 2d at 1177.  Therefore, the totality of these factors weighs in favor of default judgment against P3R.

### D.   REQUESTED RELIEF

The plaintiff must provide evidence of its damages, and the damages sought must not be different in kind or exceed the amount demanded in the pleadings. Fed. R. Civ. P. 54(c); *PepsiCo*., 238 F. Supp. 2d at 1175.  Based on Defendants' infringement of Plaintiff's photographs, Plaintiff is seeking statutory damages, and reasonable attorneys' fees and costs. (Dkt. 26).  In establishing damages, a plaintiff bears the burden of proving all damages that are sought, but the proof required is "relatively lenient." *Castworld Prods.*, 219 F.R.D. at 498. "A court has wide discretion to determine the amount of statutory damages between the statutory maxima and minima." *Microsoft Corp. v. Coppola*, No. C 06-06701 WHA, 2007 WL 1520964, at *4 (N.D. Cal. May 24, 2007) (citing *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)).

### 1.   Statutory Damages

As noted above, under section 504(c) of the Copyright Act a plaintiff may recover statutory damages for actions involving copyright infringement.  17 U.S.C. § 504(c).  Here, Plaintiff has requested $2,250 in statutory damages. The statute permits a court to award damages of not less than $750 but not more than $30,000 for non-willful infringement, and up to $150,000 for willful copyright infringement. *Id.*  "Willful" means "knowledge that the defendant's conduct constitutes copyright infringement." *Columbia Pictures Television v. Krypton Board of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir. 1997).

Factors which a court may consider in calculating an award of statutory

7

damages include: (1) the expenses saved and profits reaped by the defendant in connection with the infringements; (2) the revenues lost by the plaintiff as a result of the defendant's conduct; (3) the infringer's state of mind—whether willful, knowing, or merely innocent; (4) the value of the copyright; (5) the deterrent effect on others besides the defendant; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant." *In re Mann*, 410 B.R. 43, 48-49 (Bankr. C.D. Cal. 2009).

Several of these factors weigh in favor of awarding $2,250 in statutory damages. First, P3R has not cooperated, making it impossible for Plaintiff to ascertain an exact accounting on profits made or revenues lost as a result of the copyright infringement. Second, the Court infers that Defendant's infringement was willful from its failure to appear in this action. *See Aries Music Entm't.*, 506 F. Appx. at 552 (finding willfulness on the basis of default judgment where plaintiff had pled willful copyright infringement); *cf. Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (deeming all factual allegations to be true–on the basis of default judgment–including plaintiff's allegations of willful trademark infringement). Third, the Plaintiff's requested amount could serve as a deterrent for future unauthorized use of Plaintiff's copyright by Defendant and others. The Court finds $2,250 an appropriate amount to compensate Plaintiff for Defendant's infringement.

### 2.   Attorneys' Fees & Costs

Pursuant to 17 U.S.C. § 505, the Court may award the prevailing party costs and reasonable attorneys' fees. *See, e.g.*, *Castworld Prod., Inc.*, 219 F.R.D. at 502 (awarding attorneys' fees in a willful infringement action). For default judgments, courts in this district generally set attorneys' fees based on the schedule set forth in Local Rule 55-3. A plaintiff, however, can submit a written request asking the court to deviate from Rule 55-3 and to fix attorneys' fees at a different amount.

1  Here, under Local Rule 55-3, Plaintiff may recover an award of attorneys'

2  fees of $425.00.[1]  Plaintiff, however, has requested $6,532.50 in attorneys' fees,

3  and Plaintiff's attorneys have submitted a declaration and exhibit highlighting the

4  basis for the amount of attorney fees requested.  Plaintiff has not demonstrated,

5  however, that this is an unusual case that warrants deviation from the attorneys'

6  fees schedule set forth in the Local Rules.  As a result, the Court awards Plaintiff

7  the $425.00 amount.

8  Finally, Plaintiff claims to be entitled to $560.00 in costs, which includes

9  $400 in filing fees and $220 in process server fees.  Plaintiff must submit its bill of

10  costs to the Clerk in order to recover costs.   Local Rule 54-2.

11  **IV. ORDER**

12  For the reasons set forth above, Plaintiff's application for default judgment

13  against Defendants is hereby GRANTED.

14  (1) Judgment shall be entered for Plaintiff and against defendant P3R in the

15  amount of $2,675.00 ($2,250 in statutory damages plus $425.00 in attorneys' fees).

18  IT IS SO ORDERED.

21  Dated: July 3, 2014

22                                    _____
                                           STEPHEN V. WILSON
23                                       United States District Judge

---

[1]  Under Local Rule 55-3, for a damages award between $1,000.01 and $10,000,
schedule provides for an award of attorneys' fees equal to $300 plus 10% of the
amount of the damages over $1,000.  Here, because the damage award is $2,250,
Local Rule 55-3 provides for an award of attorneys' fees of $425.